Rowe, J.
This is an action of tort in which the plaintiff seeks to recover for personal injuries and property damage while he was operating an automobile and alleged to have been caused by the negligence of the defendant in that the latter so negligently operated an automobile as to cause it to run into the rear of the automobile being *236 operated by the plaintiff. There was a finding for the plaintiff.
The defendant contends that the plaintiff’s car bearing a Pennsylvania instead of a Massachusetts registration, rendered the car an outlaw on the road, as he contends that the judge could not find, as he did, that the plaintiff was a non-resident entitling him to the privileges extended by G. L. (Ter Ed.) c. 90 sec. 3. The accident happened in Massachusetts.
The trial judge made the following findings of fact:
‘‘This finding of fact is for the cases of Paul 8. Pummel vs. Louis J. Peters, numbered 771 of 1940 and Margaret G. Rummel vs. Louis J. Peters, numbered 770 of 1940 in the Brookline Court. No. 770 is an action of tort. No. 771 is an action of tort in two counts; the first being for property damage and the second for personal injuries.
‘ ‘ The car owned and operated by Paul Rummel was proceeding in a southerly direction along Harvard Street toward Coolidge Corner, Brookline, when the traffic lights at that point turned yellow and the Police Traffic Officer blew his whistle.
“The Rummel car was on its right side of Harvard Street and came to a stop in front of the Police Officer who was on the northwesterly corner of the intersection. A Sterling five ton truck at once crashed into the rear of the plaintiff’s car and knocked the Sedan thirty-five to forty feet to the car tracks in the centre of the intersection.
“I find that the defendant was negligent and that the plaintiff was not guilty of contributory negligence.
“The collision took place on March 23, 1940, at 5:00 P. M. The Rummel car had been in Massachusetts from *237 January 1,1940. Margaret Rummel, wife of Paul Rummel was in the right hand front seat of the 1937 Ford Sedan, which was registered in Pennsylvania. Both plaintiffs had licenses to drive in Mass.
“Paul Rummel had no personal injuries. His car was damaged.
“Rummel lived at 6-10 and 14 Autumn Street, Boston for part of three years while attending Boston University for his Doctorate in Philosophy. He had to have a place to live because his wife could not live in a dormitory with him.
“Paul Rummel lived in Holsopply, Somerset County, Pennsylvania. He lived in Pennsylvania all his life. He owns real estate and furniture in Pennsylvania, pays his poll tax there, never paid a Massachusetts poll tax. He received a Massachusetts poll tax yearly but it was waived. He votes in Pennsylvania and had never voted in Massachusetts. He has been attending Boston University since 1936. He and his wife returned home during the summer months and Christmas vacations. He was a full time member of Juanita College Summer faculty. This college is in Pennsvlvania.
“Paul Rummel bought his 1937 Ford Sedan in Massachusetts in April, 1937 and registered it in Massachusetts that year and in 1939. Rummel had discussed teaching in Massachusetts in 1939, so got Massachusetts plates. However he did not teach here in 1939, but returned to Pennsylvania during the summer vacation. He got 1940 Pennsylvania plates when they Were in Pennsylvania in December 1939. He had Pennsylvania plates in 1938. Rummel was in Massachusetts nine months each year from 1936, while at Boston University.
*238 “Paul Rummel signed leases:.for. an Autumn, Street apartment on September 15, :1938 and September 16, 1939 on a year to year basis- and did. not live - in the lease premises in either year more than nine months. :
“Paul Pummel during 1940, taught at Chamberlayne, a Junior College in Boston, four times per week for fifty minutes, and received ten dollars per week in pay, that this was the only money earned by him by his own efforts. I find that teaching at Chamberlayne as described above was not a regular place of business or employment under General Laws Chapter 90 Section 3.
“It was agreed by counsel that Pummel insured his car with the Travelers Insurance Company for personal liability with $5000 property damage from January 1, 1940 to January 1,1941.
“I find that the plaintiffs were residents of Pennsylvania in accordance with the determination of the Registrar of Motor Vehicles under General Laws, Chapter 90 Section 10, and appearing in the 1939 handbook relating to Motor Vehicles and that Paul Pummel was permitted to operate a motor vehicle with Pennsylvania plates alone in Massachusetts under the law of Massachusetts. ”
The detailed findings of fact above quoted and which were warranted by the evidence present no necessary inconsistency between them and the general conclusion of the judge that the plaintiff was a non-resident. The question of residence was one of fact and the trial judge determined that fact as he had a right to do.
The defendant also contends that if the court could find the plaintiff to be a non-resident, then he would still be an outlaw on the road if he had a place of abode or employ *239 inent within the commonwealth for. more than thirty, days after the acquisition thereof, under, the last part of said sec.. 3. ' .
The registrar under sec. 3 has the right to determine the privileges to be granted to non-residents, and as appears on pages 8 and 17 of the 1939 edition of the Handbook of the Begistry of Motor Vehicles, Pennsylvania has been determined as, among other items, for “Students; unlimited during school terms.”
Although there is force in the argument that under sec. 3 a non-resident who has acquired a place of abode or employment for more than 30 days may still operate his automobile here if he has proper insurance, the trial judge did not necessarily have to consider that question. Even assuming that a contrary construction of that section of the statute must be adopted, as is contended by the defendant, a finding for the plaintiff would not be precluded since the judge could have found that the case came within the student privilege above quoted.
The concluding paragraph of the special findings of the judge states that he finds the plaintiff to be a non-resident and permitted to operate under the Pennsylvania registration. The special findings also include the statement that for part of three years while attending Boston University for his Doctorate of Philosophy he lived in Boston. Although the finding did not specifically state that the plaintiff came under the caption of “student” there was evidence and subsidiary findings from which it could be so found. And if necessary to so find, in order to uphold the general conclusion that the plaintiff was a non-resident student entitled to privileges, the géneral conclusion will *240 import the finding .of" subsidiary facts- essential to that conclusion. See the line of cases beginning with Adams v. Dick 226 Mass. 46, 52.
The dominant, characteristic of the plaintiff could, still he considered that of student, although he incidentally did some work and being a married man lived somewhere other than in a dormitory because his wife could not live there. Other incidental matters or temporary condition do not necessarily alter the status of his being a student. U. S. v. Lau Chu, 224 Fed. 446.
While it is correct that the main purpose of requiring registration of a motor vehicle is identification of the vehicle and the owner, that is not its only purpose. “The guiding principle for the interpretation of a statute is that it must be construed, if reasonably possible, so as to effectuate the purpose of the framers, ascertained from its several parts and the meaning fairly attributable to all its words, considered in connection with the cause of its enactment, the subject to which it is applicable, the preexisting state of the common and statutory law, the mischief to be remedied, and the object tó be accomplished.” Commonwealth v. S. S. Kresge Co., 267 Mass. 145, 149.
In the present case there was no attempt at evasion or concealment of identity and the automobile was properly insured as to liability. The general purpose of the statute as to identity and the protective purpose of the statute as to insurance were covered and the case comes within the wording of the statute.
The operation of the automobile by the plaintiff for more than 30 days and while properly insured could be found to have been legal operation, and hence the report should be dismissed. So ordered.